IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXTAINER EQUIPMENT MANAGEMENT (U.S.) LIMITED,<br><br>  Plaintiff,<br><br>  v.<br><br>TRS INC., trading as TRS CONTAINERS and as TRS RESEARCH<br><br>  Defendants.<br>_____/ | No. C 07-01519 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND VACATING HEARING** |

## INTRODUCTION

In this action for breach of contract and other claims, defendants move to dismiss plaintiff's claims under Rule 12(b)(6). Plaintiff has successfully pleaded claims for breach of contract and conversion. Defendants have shown that plaintiff's claims for fraud and intentional misrepresentation are not pleaded with particularity as required by Rule 9(b). Plaintiff argues in its opposition that it actually should have designated its claim for unjust enrichment to be a claim for recovery *in quantum meruit*, thus it will be permitted to amend that claim. Accordingly, defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiff will be granted leave to amend its claims for fraud, intentional misrepresentation, and unjust enrichment. As no further argument is necessary, the hearing on this motion is hereby **VACATED**.

**STATEMENT**

Plaintiff Textainer Equipment Management Limited is a Delaware corporation that, among other things, rents and leases intermodal shipping containers. Defendants TRS, Inc., trading as TRS Containers and TRS Research, is a New Jersey corporation that leases intermodal containers and chassis for use by the United States military and other clients (Compl. ¶¶ 6–14).

Sometime around February 2002, Gateway Management Services Limited entered into an agreement to lease defendants a number of intermodal containers. The agreement's effective date was October 1, 2001 (*id*. at ¶ 6). The daily rental rate, the replacement value of the containers, the lease period, and other specifics of the agreement were set forth in documents called the lease addendum and schedules (*id*. at ¶ 8). Each lease addendum covered a specific time period and specified different containers and equipment to be leased at different rates (*id*. at ¶ 9).

The lease agreement listed and described events constituting default. These included (Def.'s Exh. A, ¶ 10(d)):

> (d) Customer attempts to sell, transfer, encumber, part with possession of, or assign or sublet (except as expressly permitted by the provision of the Agreement) the Containers or any part thereof.

The lease agreement also provided for assignment of the agreement (*id*. at Exh. A, ¶ 12(b)):

> (b) Gateway and Owners, and any direct or remote assignee of any right, title or interest of Gateway and Owners under the Agreement, shall have the right at any time or from time to time to assign part or all of its rights, title and interest in and to the Agreement, and upon notice from Gateway or Owners and such assignee, Customer shall immediately make payment of all monies due and to become due or arising out of said agreement to such assignee.

In 2006, Gateway assigned the lease agreement to plaintiff (*id*. at ¶ 11). Prior to July 2006, plaintiff entered into a separate contract with the United States military to compile and operate a database for all intermodal containers leased by the military (*id*. at ¶ 13). While compiling the database, plaintiff discovered that about 620 of the containers leased to TRS under the agreement had been sold to the military (*id*. at ¶ 14). Plaintiff alleges that the first

such sale occurred around September 2004 (*ibid*.). Defendants never told Gateway or plaintiff that the containers had been sold and continued to pay rent under the lease agreement (*id*. at ¶ 15). In the summer of 2006, TRS allegedly told Textainer and Gateway that some of the containers had been lost (*id*. at ¶ 19–20). By September 2006, defendants were in default on the lease. Plaintiff demanded return of the containers, but defendants refused to return the containers or pay the rent owed under the lease agreement (*id*. at ¶ 22).

Plaintiff filed this action on March 16, 2007. The complaint alleges claims for (1) breach of contract for lease rent and for depreciated replacement value of the containers; (2) conversion; (3) intentional representation; (4) fraud; and (5) unjust enrichment. This motion was filed on May 14, 2007.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (May 21, 2007). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

### 1. BREACH OF CONTRACT.

Plaintiff's first claim is for breach of contract. "A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, n.6 (2004) (citation omitted). "Performance under a contract becomes due when all necessary conditions, and the passage of any required time, have occurred so that a failure of performance will be a breach." Restatement (Second) of Contracts § 224(b). "Parties may

3

agree that a right or duty is conditional upon the occurrence or nonoccurrence of an event." *Platt Pac. v. Andelson*, 862 P.2d 158, 161–62 (1993).

Defendants argue that plaintiff has failed to plead a condition precedent that would establish plaintiff's right to payment under the contract. Defendants allege that a provision in the lease agreement requires notice by *both* Gateway and plaintiff to defendants of any assignment of the lease agreement. Defendants' duty to pay an assignee is not triggered until and unless written notice is given to defendants by both the assignor and assignee. Plaintiff did not plead the fulfilment of this condition, defendants contend, because plaintiff merely pleaded that there was an assignment.

In the complaint, however, plaintiff pleads that it "has performed all obligations under the Lease Agreement due and owing to defendants and/or Lessee, except for those which Plaintiff was prevented or excused from performing" (Compl. ¶ 33). Here, taking all of plaintiff's allegations as true, Textainer has pleaded all the necessary elements. It has pleaded that it fulfilled all conditions under the contract. More detail is not necessary at this time. The question of whether plaintiff and Gateway actually gave written notice is a factual dispute that will be developed later in this action. Accordingly, defendants' motion to dismiss on the claim for breach of contract is **DENIED**.

### 2. CONVERSION.

Plaintiff's second claim is for conversion. "The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property right; and damages." *Oakdale Village Group v. Fong*, 43 Cal. App. 4th 539, 543–544 (1996). "Conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of contract law." *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999). A breach of contract, however, can be tortious when accompanied by a traditional common law tort, such as fraud or conversion. *Id*. at 543–44.

TRS contends that their actions in selling the containers to the military did not go beyond their rights under the contract, so plaintiff may only recover economic damages on the

4

contract. TRS claims that the contract specifically contemplated the sale of the containers to the military. This, however, is a fact question better resolved on summary judgment than on the pleadings. Plaintiff pleaded that it owned the containers at the time of the conversion, that defendants wrongfully sold the containers to the military, and that plaintiff was damaged. TRS also argues that it had no independent duty of care not to convert the containers. This argument makes little sense. Conversion is an intentional tort that requires no proof of an independent duty. Moreover, parties to contracts are expected to understand the risks allocated by contract, but are not expected to anticipate fraud and dishonesty. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 993 (2004). Textainer had no reason to enter into a contract believing that defendants would sell the containers and then conceal their actions.

Defendants cite *McGehee v. Coe Newnes/Mcgehee ULC*, 2004 WL 2452855 (N.D. Cal. 2004) (Jenkins, J.), for the proposition that plaintiff cannot plead a claim for conversion where the relationship is governed by a contract. That decision involved a contract to develop and possibly market equipment. The deal eventually cratered. The plaintiffs filed an action for breach of contract; the defendants counterclaimed for conversion. The court dismissed the conversion counterclaim because there was no independent duty in tort other than the duties by the contract. *Id.* at *3. This decision is distinguishable because here, TRS had an independent duty not to misappropriate the containers. This duty existed outside the contract. Taking plaintiff's allegations as true, it can recover on a claim for conversion. Accordingly, plaintiff has stated a claim for conversion, and defendants' motion to dismiss is **DENIED** as to that claim.

### 3. FRAUD.

Plaintiff next claims that defendants committed fraud by concealing the sale of the containers. "The elements of fraud that will give rise to a tort action for deceit are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Medical Group, Inc.*, 14 Cal. 4th 951, 974 (1997) (internal citations and quotations omitted). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent,

5

knowledge, and other condition of mind of a person may be averred generally." FRCP 9(b); *see also Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (1989).

Defendants are correct in their assertion that plaintiff's fraud claim by itself does not contain any specific allegations, it merely incorporates by reference the previous paragraphs in the complaint. There is nothing wrong with doing so, provided that plaintiff has pleaded all necessary elements in the preceding paragraphs.

Plaintiff alleges that the containers were leased to defendant who never purchased them, that defendants sold the containers to the military without authorization and without informing plaintiff, hid their actions, and then stopped paying lease rent when their activities were discovered. In the rest of the complaint, plaintiff does not identify any particular statement that defendants made that was fraudulent, nor did it allege when any such statements took place. Similarly, plaintiff does not allege with specificity that defendants omitted to tell Textainer of the alleged sale or conversion of the containers. Given plaintiff's allegations, defendants would be hard-pressed to know what specific conduct or statements plaintiff alleges were false or misleading. Accordingly, plaintiff has not pleaded its fraud claim with the particularity required by Rule 9(b), and defendants' motion is **GRANTED**.

### 4. INTENTIONAL MISREPRESENTATION.

Plaintiff also brings a claim for intentional misrepresentation. Under California law, the elements of a claim for intentional misrepresentation are: (1) a misrepresentation, including a concealment or a nondisclosure; (2) knowledge of falsity of the misrepresentation; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5) damages. *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004). The elements are very similar to a claim for fraud, and so a claim for intentional misrepresentation is also subject to the heightened pleading standard of Rule 9(b). "The general rule for liability for non-disclosure is that even if

6

1  material facts are known to one party and not the other, failure to disclose those facts is not
2  actionable fraud unless there is some fiduciary or confidential relationship giving rise to a duty
3  to disclose. However, active concealment of facts and mere nondisclosure of facts may under
4  certain circumstances be actionable without such a relationship." *La Jolla Vill. Homeowner's*
5  *Assn. v. Superior Court*, 212 Cal. App. 3d 1131, 1151 (1989).

6  Here, plaintiff argues that the misrepresentation at issue was that defendants continued
7  to pay lease rent on the containers after they had allegedly sold them. As with plaintiff's claim
8  for fraud, plaintiff has not pleaded the elements of a fraud claim with sufficient specificity.
9  Accordingly, defendants' motion to dismiss is **GRANTED** as to the claim for intentional
10 misrepresentation.

### 5. UNJUST ENRICHMENT.

12 Textainer's final claim is for unjust enrichment. Plaintiff, in its opposition, contends
13 that its claim for unjust enrichment should have been labeled a claim for recovery in *quantum*
14 *meruit*, or quasi-contract, and not a claim for unjust enrichment. Plaintiff will be granted leave
15 to amend its complaint and may rename or replead this claim as it sees fit.

### 6. TRS RESEARCH.

17 Defendants argue that TRS Research should be dismissed because only TRS, Inc., was a
18 party to the contract at issue in this action. Assuming that TRS, Inc., and TRS Research are in
19 fact both proper defendants, defendants' argument neglects that plaintiff has alleged claims
20 other than breach of contract. In response, plaintiff contends that TRS Research was listed as a
21 "doing business as" name, and not an actual party to this action. After receiving defendants'
22 initial disclosures, plaintiff states that it may, if necessary, seek leave to add or delete parties
23 from this action. At this time, defendants have not succeeded in demonstrating that TRS
24 Research is not a proper defendant. Accordingly, defendants' motion to dismiss all claims
25 against TRS Research is **DENIED**.

### CONCLUSION

27 For all of the above-stated reasons, defendants' motion to dismiss is **DENIED** as to
28 plaintiff's claims for breach of contract and conversion, and **GRANTED** as to plaintiff's claims

7

for fraud, intentional misrepresentation, and unjust enrichment. Defendants' motion to dismiss all claims against TRS Research is **DENIED**. Plaintiff will be allowed leave to amend, and the amended complaint should be filed no later than **JULY 21, 2007**. Further dismissal motion practice is discouraged but not barred. Seeing no need for further oral argument, the hearing on this motion is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 20, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE